I concur in the result that plaintiff cannot recover. My reasons are short and simple. First. The obligation of the insurance company under the mortgage clause was to pay loss, if any, under the policy to the mortgagee as its interest might appear. If the instrument securing the debt of the mortgagee was not in fact operative as to the property which the insurance company had insured, then there was no interest of the mortgagee in said property to be protected by the insurance company. That, in itself, would seem to be an end of the matter.
Second. Where an insured does not in fact have an insurable interest in property upon which he procures insurance, I do not think that a "standard mortgage clause" operates to protect the mortgagee. An insurable interest in the insured is a sine quanon of liability of the insurance company to either the insured or the mortgagee. In my judgment, our holding in FayettevilleAss'n. v. Fire Ins. Co. 105 W. Va. 147, 141 S.E. 634, should be interpreted in the light of an existing insurable interest in the insured, and the language of the opinion that "no act of omission of the mortgagor (insured), of which the mortgagee is ignorant will invalidate the policy, whether it occurs before, at the time of, or subsequent to the issuance thereof," should be deemed applicable in its full scope only when there was in fact an insurable interest in the insured at the time he obtained the policy of insurance. In this view the said holding would stand unimpaired. In that case there was an insurable interest in the insured, and the mortgagee was held protected. Here, there is no insurable interest in the insured. The mortgagee must be held unprotected. *Page 71